IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| AMANDA PEDIGO, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: 4:15-CV-26 |
| CALSONICKANSEI NORTH AMERICA, INC. | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, AMANDA PEDIGO, by and through counsel and for cause of action will respectfully show to the Court as follows:

## JURISDICTION & VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, *et seq.*; Tennessee Disabilities Act, T.C.A. § 8-50-103, *et seq.*; and the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101, *et seq*. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case controversy.

2. The claims asserted in this action arose in Bedford County, Shelbyville, Tennessee; therefore, proper venue for this action lies within the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITE

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000e, *et seq*. A Notice of Right to Sue was issued on March 23, 2015, a true and correct copy of which is attached hereto as Exhibit A. Further, Defendant is a domestic corporation that employees more than fifteen employees.

## PARTIES

4. Plaintiff, AMANDA PEDIGO, is an adult female individual and citizen of the United States who resides in Bedford County, Shelbyville, Tennessee.

5. At all relevant times, AMANDA PEDIGO was an employee of CALSONICKANSEI NORTH AMERICA, INC. (hereinafter referred to as Defendant Employer), within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(f) and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12111(4).

6. Defendant CALSONICKANSEI NORTH AMERICA, INC. is a domestic corporation or similar business entity and regularly conducts business at 1 Calsonic Way, Shelbyville, Tennessee 37160.

7. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12111; and Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-102.

## FACTUAL ALLEGATIONS

8. Plaintiff is a resident of Tennessee, residing in Bedford County.

9. Plaintiff was employed by Defendant from September 2013 until May 13, 2014.

10. While employed by Defendant, Plaintiff was a product technician at the Calsonic Kansei factory in Shelbyville, Tennessee.

11. Plaintiff's job duties included assembling oil coolers by hand.

12. Plaintiff's rate of pay was $12 per hour.

13. Prior to March 2014, Plaintiff worked without incident during her employment with Defendant

14. On or about March 2014, Plaintiff informed her supervisor that she was pregnant.

15. Plaintiff developed a medical condition related to her pregnancy, known as preterm labor, which resulted in her needing a short-term accommodation at work.

16. Specifically, the doctor's restrictions prevented Plaintiff from pulling, pushing or lifting anything over fifteen (15) pounds.

17. Plaintiff presented these restrictions to her supervisor, and Defendant accommodated these restrictions.

18. To the extent Plaintiff could not perform an essential function of her job due to her disability, she could ask a co-worker to help her, as a reasonable accommodation.

19. Plaintiff visited her doctor on or about May 12, 2014, and doctor issued further restrictions due to the condition of her pregnancy.

20. These restrictions prevented Plaintiff from standing longer than ten (10) minutes at a time.

21. Upon showing up to work on the following day, Plaintiff notified her supervisor, Colton Primm, of the new restrictions.

22. Plaintiff's supervisor assigned Plaintiff to a light-duty station to perform sitting work, which involved assembling radiator clips.

23. The light-duty station was commonly used by Defendant to accommodate employees who had restrictions including workers' compensation.

24. Plaintiff was capable of performing the light-duty work of assembling radiator clips with her restrictions.

25. After performing light-duty work for approximately an hour, Plaintiff was sent to meet with Human Resources representative, Alex Brewer ("HR Rep. Brewer").

26. HR Rep. Brewer spoke with Plaintiff indicating Plaintiff's restrictions could not be accommodated because she was not eligible for FMLA.

27. Plaintiff explained to HR Rep. Brewer she could continue performing the light-duty work with her restrictions as she had before meeting with Brewer.

28. HR Rep. Brewer sent Plaintiff home for the day following the meeting, but told Plaintiff she would call later on to confirm whether Plaintiff could perform any work for Defendant.

29. After being sent home, HR Rep. Brewer called Plaintiff telling her Defendant could not accommodate her restrictions and therefore she was terminated.

30. Plaintiff was not allowed to return to her job at any point after speaking with HR Rep. Brewer regarding the May 12 restrictions related to her pregnancy.

**COUNT I – PREGNANCY DISCRIMINATION, 42 U.S.C. § 2000e-2**

31. Plaintiff hereby re-alleges paragraphs 1 through 30 as though fully set forth herein.

32. Title VII defines "because of sex" or "on the basis of sex" as follows:

The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions;

4

and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e–2 (h) of this title shall be interpreted to permit otherwise.

42 U.S.C. § 2000e(k).

33. Plaintiff was a part of a protected class under Title VII.

34. Plaintiff sought accommodation from Defendant as a result of her pregnancy.

35. Defendant did not accommodate Plaintiff.

36. Defendant did accommodate other employees similar in their ability or inability to work.

37. Plaintiff has been subjected to disparate treatment because of her sex in violation of Title VII.

38. Plaintiff was terminated from her employment based on her sex in violation of Title VII.

39. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

40. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

## COUNT II – VIOLATION OF AMERICANS WITH DISABILTIES ACT

41. Plaintiff hereby re-alleges paragraphs 1 through 40 as though fully set forth herein.

42. ADAAA, 42 U.S.C. § 12112 provides:

No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

43. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

44. Plaintiff was disabled in that she had a medical condition related to her pregnancy that substantially limited the major life activities of performing manual tasks, standing, and lifting.

45. Defendant regarded Plaintiff as disabled by perceiving that her impairment limited a major life activity.

46. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et. seq*.

47. Plaintiff could perform the essential functions of her job with reasonable accommodation.

48. Defendant terminated Plaintiff because of her disability and/or perceived disability.

49. As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

50. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT III- VIOLATION OF THE TENNESSEE DISABILITY ACT

51. Plaintiff hereby re-alleges paragraphs 1 through 50 as though fully set forth herein.

52. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

53. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the Tennessee Disabilities Act, T.C.A. § 8-50-103.

54. Plaintiff suffered from a disability or was perceived by Defendant to be suffering from a disability.

55. Defendant terminated Plaintiff because of her disability and/or perceived disability.

56. Plaintiff would ask this court to award her all available remedies to which she may be entitled to under this Act.

## COUNT IV – VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

57. Plaintiff hereby re-alleges paragraphs 1 through 56 as though fully set out herein.

58. Plaintiff has been subjected to disparate treatment because of her sex in violation of Tennessee Human Rights Act, T.C.A. § 4-21-401 and because of such actions by Defendant she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

59. Plaintiff was terminated from her employment based on her sex in violation of Tennessee Human Rights Act, T.C.A. § 4-21-401.

60. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

61. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

62. Plaintiff would ask this court to award her all available remedies to which she may be entitled to under this Act.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of wages that Plaintiff should have received under the state and federal law but for Defendant's willful violation of her rights;

(2) all reasonable attorney's fees, costs and interest pursuant to state and federal law;

(3) the sum of money determined by the Jury to be sufficient to compensate her for the damages complained of herein;

(4) all punitive damages; and

(5) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE HIGGINS FIRM,**

**/s/ JAMES S. HIGGINS**
**JAMES S. HIGGINS, BPR No. 16142**
Attorney for Plaintiff
525 4th Avenue South
Nashville, TN 37210
(615) 353-0930